UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLLEEN GALLAGHER, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>    Defendant. | Case No. 15-cv-03952-HSG<br><br>**ORDER STRIKING NEW PARTIES AND CLAIMS AND DISMISSING CASE WITHOUT PREJUDICE**<br><br>Re: Dkt. No. 40 |

On August 28, 2015, Plaintiff Colleen Gallagher filed this action on behalf of herself and all others similarly situated against Defendant Chipotle Mexican Grill, Inc. Dkt. No. 1. Gallagher was the sole named plaintiff in the action. On February 5, 2016, the Court granted Defendant's motion to dismiss Plaintiff's complaint in its entirety. Dkt. No. 18. The Court's February 5, 2016, order granting Defendant's motion to dismiss specifically instructed Plaintiff that she could amend her complaint to sufficiently allege (1) injury-in-fact, and (2) why and how Defendant's GMO claims are false or misleading. *Id.* On March 11, 2016, Plaintiff filed a first amended complaint ("FAC"), purporting to add six class representatives and several new claims under Maryland, Florida, and New York laws. Dkt No. 40.

Plaintiff's FAC went well beyond the scope of the Court's leave to amend. While California district courts have "occasionally considered new claims submitted in an amended complaint where the prior order of dismissal granted leave to amend without limitation," when the Court grants leave to amend to cure deficiencies in certain specified claims, "new claims alleged for the first time in the amended pleading should be dismissed or stricken." *DeLeon v. Wells Fargo Bank, N.A.*, No. 10-CV-01390-LHK, 2010 WL 4285006, at *3 (N.D. Cal. Oct. 22, 2010); *see also Andrew W. v. Menlo Park City Sch. Dist.*, No. C-10-0292 MMC, 2010 WL 3001216, at

*2 (N.D. Cal. July 29, 2010).  Similarly, courts have stricken or dismissed new parties asserted for the first time on amendment.  *See King v. Cty. of Los Angeles*, No. 215CV07072CASEX, 2016 WL 893617, at *4 (C.D. Cal. Mar. 8, 2016).  Because Plaintiff added new parties and claims beyond the scope of the Court's leave, the Court STRIKES the additional class representatives and claims from the FAC.

On March 28, 2016, Plaintiff filed a notice of voluntary dismissal of her claims without prejudice under Federal Rule of Civil Procedure 41(a)(1)(A)(i).  Dkt. No. 42.  Plaintiff has an absolute right to dismiss at this stage.  *See Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997).

Plaintiff's voluntary dismissal of her case, coupled with the Court's order striking the new class representatives and claims, means that nothing remains of this action.  The additional class representatives named for the first time in the FAC may file a new action against Defendant if they wish.  However, they may not plead around the requirements of Federal Rule of Civil Procedure 15(a) by substituting themselves for Plaintiff without leave from the Court or written consent from the opposing party, when Plaintiff clearly no longer wishes to prosecute her claims.

This action is DISMISSED WITHOUT PREJUDICE.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 4/4/2016

HAYWOOD S. GILLIAM, JR.
United States District Judge